IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JUSTIN M. HENCEROTH, *et al.*,          *

    Plaintiffs,          *

        v.          *          CIVIL NO.: WDQ-12-1028

HSBC MORTGAGE CORPORATION,          *
  *et al.*,          *

    Defendants.          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Justin and Leanna Henceroth ("the Henceroths") sued HSBC Mortgage Corporation ("HSBC") and others[1] (collectively "the defendants") for a declaration that the defendants have no interest in the Henceroths' property.  Pending are Structured Asset's and HSBC's motions to dismiss for failure to state a claim.  The Henceroths request leave to amend the complaint if HSBC's motion is granted.  Also pending is the Henceroths' response to the Court's Order to Show Cause why Citibank and Wells Fargo should not be dismissed for failure to serve.  For the following reasons, the motions to dismiss will be granted.[2]

---

[1] Citibank, N.A., individually and as trustee for Bear Stearns Alt-A Trust 2006-4 ("Citibank"); Structured Asset Mortgage Investments II, Inc. ("Structured Asset"); and Wells Fargo Bank, N.A. ("Wells Fargo").

[2] Structured Asset will be dismissed without prejudice; HSBC will be dismissed with prejudice.

Citibank and Wells Fargo will also be dismissed without prejudice.

I.   Background[3]

The Henceroths reside at 28119 Cove Court in Easton, Maryland ("the property"). ECF No. 4.  On February 1, 2006, the Henceroths refinanced the property, borrowing $599,100.00 from HSBC, and executed a promissory note and deed of trust on the property, which secured Mortgage Electronic Registration Systems, Inc. ("MERS") as "beneficiary" and "nominee for Lender."[4]  ECF No. 2 ¶ 9.  The note was conveyed to Structured Asset "as depositor pursuant to a securitization process" under which the note was conveyed to Citibank as trustee.[5]  *Id.* ¶ 10. The Henceroths defaulted on the loan.[6]  *Id.* ¶ 11.

On February 27, 2012, the Henceroths sued the defendants in the Circuit Court for Talbot County, Maryland, alleging that when they defaulted, insurance maintained by HSBC, Citibank, and

---

[3] For the motions to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). In reviewing the motions to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

[4] The deed of trust defined "Lender" as HSBC.  ECF No. 2 ¶ 9.

[5] The Henceroths have not alleged dates for these transactions. *See* ECF No. 2 ¶ 10.

[6] No date for the default is alleged.

Wells Fargo satisfied the deed of trust and thus released the lien on the property. *See id.* ¶¶ 12-15.  They seek declarations (1) of the parties' interest in the property, (2) that the defendants have no interest in the property, and (3) an injunction barring the defendants from foreclosing on the property. *Id.*  On April 3, 2012, HSBC removed the case to this Court.  ECF No. 1.  On April 9, 2012, Structured Asset consented to the removal.  ECF No. 6.

On April 18, 2012, the Henceroths filed in the circuit court affidavits of service purporting to show service on Citibank and Wells Fargo by certified mail on March 6, 2012.[7] ECF No. 24-4 (circuit court docket); *see* ECF Nos. 24-1, 24-3 (affidavits).  On the return receipts, the boxes for restricted delivery were not checked.  ECF Nos. 24-1 at 3, 24-3 at 3.  The return receipt for Wells Fargo is undated.  ECF No. 24-3 at 3.

On April 16, 2012, Structured Asset moved to dismiss for failure to state a claim because the complaint does not mention Structured Asset in connection with the putative release of the lien.  ECF No. 10 at 4.  The Henceroths did not respond.

On June 11, 2012, HSBC moved to dismiss for failure to state a claim asserting that the Henceroths' theory of release is legally unsupported.  ECF No. 18.  It attached a copy of the

---

[7] The affidavits were not filed with this Court until the Henceroths' response to the Court's Order to Show Cause. *See* ECF No. 24.

deed of trust.[8]  ECF No. 18-2.  On July 9, 2012, the Henceroths responded and requested leave to amend the complaint if the motion were granted.  ECF No. 21.  On July 26, 2012, HSBC replied.  ECF No. 22.

On November 9, 2012, the Court ordered the Henceroths to show cause why Citibank and Wells Fargo should not be dismissed without prejudice for failure of service.  ECF No. 23.  On November 19, 2012, the Henceroths responded, arguing that Citibank and Wells Fargo had been properly served; they attached affidavits of service.  *See* ECF No. 24.  In their response, the Henceroths asserted that the Court lacked jurisdiction to proceed because Citibank and Wells Fargo had not consented to removal.[9]  *Id.* at 3.  On November 28, Structured Asset also responded, asserting that Citibank and Wells Fargo had not been properly served under Maryland law, and to the extent that the Henceroths' response was a motion to remand, it should be denied as untimely.  ECF No. 25.

---

[8] The deed of trust, a document relied upon in the complaint, is integral to the complaint.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  Accordingly, the Court may consider the deed of trust without converting the motion into one for summary judgment.  *See id.*; *cf.* Fed. R. Civ. P. 12(d).

[9] The Henceroths did not, however, move to remand.  *Cf.* ECF No. 24.

II.  Analysis

    A.   This Court's Jurisdiction

The Henceroths assert that this Court lacks jurisdiction because not all defendants have consented to the removal.  ECF No. 24 at 3.  Structured Asset contends that this lack of unanimity is not a jurisdictional defect, and the Henceroths have waived the issue by failing to timely challenge the removal.  ECF No. 25 at 3.

"Failure of all defendants to join in the removal petition does not implicate the court's subject matter jurisdiction. Rather, it is merely an error in the removal process."  *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).  Accordingly, even if Citibank and Wells Fargo were properly served and did not consent, the Court has jurisdiction. As the Henceroths did not move to remand within 30 days of removal, they have waived all objections to procedural defects.[10]

    B.   Motions to Dismiss

        1.   Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of

---

[10] *See* 28 U.S.C. § 1447(c) (setting 30 day limit); *Payne*, 439 F.3d at 204.

Case 1:12-cv-01028-WDQ   Document 26   Filed 01/10/13   Page 6 of 13


a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

"The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court."[11]    "[P]leading is [not] a game of skill in which one misstep by counsel may be decisive to the outcome . . . the purpose of pleading is to facilitate a proper decision on the merits." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (internal quotation marks omitted).  When a plaintiff's complaint fails to state a claim, he "should generally be given a chance to amend the complaint . . . before the action is dismissed with prejudice."[12]    But, dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim.  *See, e.g.*, *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).

2.   Structured Asset's Motion to Dismiss

Structured Asset seeks dismissal because the complaint does not connect it to the alleged insurance or release of the lien. ECF No. 10.  The Henceroths have not opposed the motion.

The only allegations in the complaint about Structured Asset are that it was a depositor in the securitization process.

---

[11] *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638-39 (D. Md. 2009) (*citing Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985)).

[12] *FinServ Cas. Corp. v. Settlement Funding, LLC*, No. H-10-0264, 2010 WL 2757536, at *10 (S.D. Tex. July 13, 2010) (*citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

ECF No. 2 ¶¶ 7, 10.  The Henceroths do not allege anything
connecting Structured Asset to any insurance or the lien.  *Cf.*
*id.* ¶¶ 12-13.  The Henceroths have not pled a "short and plain
statement of the claim" showing that they are entitled to relief
against Structured Asset.  *Cf.* Fed. R. Civ. P. 8(a)(2).  Accord-
ingly, Structured Asset's motion to dismiss will be granted
without prejudice.[13]

      3.   HSBC's Motion to Dismiss

HSBC requests dismissal because (1) the Henceroths' claim
of insurance coverage is wholly speculative, and (2) the terms
of the deed of trust defeat their claim.  ECF No. 18-1.  The
Henceroths assert that (1) the existence of insurance is not
speculative, and (2) the *in rem* nature of the suit means that
their personal liability is irrelevant to the action.  ECF No.
21-1.

      a.   The Speculative Nature of Insurance Coverage

To show that their claim of insurance protection is not
speculative, the Henceroths quote, but do not attach to their
opposition, a prospectus supplement from the Bear Stearns Alt-A
Trust 2006-4.  ECF No. 21-1 at 6-7.  This prospectus supplement
is not integral to the complaint and not a part of the record;
accordingly the Court may not rely upon it.  *Cf. Philips v. Pitt*

---

[13] If the Henceroths were to allege against Structured Asset the
claims about the insurance and release, the reasoning underlying
the dismissal of HSBC may apply equally.  *See infra* Part II.B.3.

*Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); Fed. R. Civ. P. 56(c)(1)(A).

Further, the quotations provided by the Henceroths do not show that any insurance exists.  The text states that "credit enhancement *may be provided*," "credit support *may be provided*," and "a financial guaranty insurance policy *may be obtained*." ECF No. 21-1 at 6-7 (internal quotation marks omitted) (emphasis added).  Accordingly, there is no indication that insurance was purchased, or the insurance covered the relevant security and the property.  The existence of insurance and its applicability to this case remain speculative, and do not meet the standard of *Iqbal*.  *See Iqbal*, 556 U.S. 662.

> b.   The Nature of the Suit and the Deed of Trust

The Henceroths argue that under Md. Code Ann., Real Prop. § 14-108 they may bring an *in rem* suit in equity to quiet title to their property.  ECF No. 21-1 at 5.  As a general matter, the Henceroths are correct: the suit is *in rem* and would not affect their personal liability.

The Henceroths are mistaken, however, that their personal obligations under the note are irrelevant.  They argue that under the deed of trust, the lien must be released.  ECF No. 21-1.  The deed of trust, however, states that the terms of the note are relevant.  The deed of trust states that it secures the note, and the performance of the Henceroths' obligations

9

thereunder. ECF No. 18-2 at 3. Although the note itself is not in the record, the deed of trust states that under the note the Henceroths "promised to pay" the $599,100.00 plus interest. *Id.* at 2. Finally, the deed of trust says that it and the lien are released after all payments of the loan. *Id.* at 13 ¶ 23.

Regardless of whether this Court must adjudicate the Henceroths' personal liability, the deed of trust indicates that the lien is not released until the Henceroths' obligations on the note are met. *See* ECF No. 18-2 at 2-3, 13. Even if insurance on the mortgage compensated the holder, the Henceroths' performance on the note would be necessary for release under the deed of trust.[14] As the claim of insurance is speculative, and the deed of trust does not permit the release, HSBC's motion will be granted. Because the Henceroths could not prevail under any facts, HSBC will be dismissed with prejudice. *See Cozzarelli*, 549 F.3d at 630.

---

[14] *See Flores v. Deutsche Bank Nat'l Trust, Co.*, Civ. No. DKC-10-0217, 2010 WL 2719849, at *5 (D. Md. July 7, 2010) ("[A]lthough Plaintiff's default may have triggered insurance for any losses caused by the default, she is not discharged from the promissory notes themselves.").
    Further, the Henceroths' suit is equitable. *See* Md. Code Ann., Real Prop. § 14-108. If they were to receive the requested relief, the Henceroths would gain a windfall of free and clear title to their property; this result would be inequitable. *See Am. Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 820 (4th Cir. 2007); *Simard v. White*, 859 A.2d 168, 209 (Md. 2004).

4.   Leave to Amend

The Henceroths seek leave to amend the complaint.  ECF No. 21.  HSBC opposes leave to amend.  ECF No. 22.

Because more than 21 days have passed since HSBC moved to dismiss, the Henceroths may amend their complaint only if the defendants consent or with the Court's permission.  Fed. R. Civ. P. 15(a)(2); *Rice v. PNC Bank, N.A.*, No. PJM-10-0007, 2010 WL 1711496, at *2 (D. Md. Apr. 26, 2010).  Fed. R. Civ. P. 15(a)(2) instructs that leave should be freely given when justice requires.  Leave should be denied only when amendment would prejudice the opposing party, amount to futility, or reward the movant's bad faith.  *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

Here, amendment would be futile.  The Henceroths admit that they have no more information about insurance than they have alleged.  ECF No. 21-1 at 9.  Further, the relief they seek is not available as a matter of law.  *See supra* Part II.B.3.b. Accordingly, leave to amend will be denied.

C.   Service of Citibank and Wells Fargo

The Henceroths assert that Citibank and Wells Fargo were properly served in circuit court before removal.  Neither has filed any document, and there is no evidence in the record that either has actual notice of this suit.

11

The Henceroths contend that they properly served Citibank and Wells Fargo through certified mail. *See* ECF No. 24.   In removed cases, state law determines whether service of process was effected before removal. *Steverson v. HSBC Auto Fin., Inc.*, No. DKC-10-3119, 2011 WL 1103164, at *4 (D. Md. Mar. 23, 2011). Under the Maryland Rules, service may be effected by certified mail, restricted delivery.   Md. Rule 2-121(a)(3); *see* Fed. R. Civ. P. 4(e)(1) (permitting service under state law).

The return receipts in the Henceroths' affidavits show that delivery was not restricted.[15]   *See* ECF Nos. 24-1 at 3, 24-3 at 3.   Accordingly, service was not proper.[16]

Under Fed. R. Civ. P. 4(m), the Court must dismiss without prejudice defendants who were not properly served within 120 days of filing.[17]   As more than 120 days have elapsed since the case was filed, Citibank and Wells Fargo will be dismissed.[18]

---

[15] Further, the return receipt for Wells Fargo was not dated as required.   *See* Md. Rule 2-121(a)(3).

[16] *See Steverson*, 2011 WL 1103164, at *4; *cf. Armco, Inc. v. Penrod-Stauffer Bldg. Sys, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (service rules are to be more liberally construed where defendants have actual notice).

[17] Rule 4(m) requires notice to the plaintiff if the dismissal is on the Court's motion.   On November 9, 2012, the Court ordered the Henceroths to show cause why Citibank and Wells Fargo should not be dismissed.   ECF No. 23.

[18] The reasoning underlying the dismissal of HSBC may apply equally to the identical claims against Citibank and Wells Fargo.   *See supra* Part II.B.3.

## III. Conclusion

For the reasons stated above, Structured Asset's and HSBC's motions to dismiss will be granted.  Citibank and Wells Fargo will be dismissed without prejudice.

_____1/10/13_____
Date

_____
William D. Quarles, Jr.
United States District Judge